**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1151**

_____

JOHN OSBORNE CRANDELL, III,

        Petitioner - Appellant,

    v.

U.S. NATIONAL ARCHIVES AND RECORDS ADMINISTRATION,

        Respondent - Appellee.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, Chief District Judge.  (2:21-cv-00016-TSK-MJA)

_____

Submitted:  January 26, 2023                              Decided:  February 7, 2023

_____

Before NIEMEYER and KING, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

John Osborne Crandell, III, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Osborne Crandell, III, appeals the district court's order adopting the magistrate judge's recommendation and dismissing with prejudice his civil action. Because the district court failed to apply the proper standard in reviewing the magistrate judge's recommendation, we vacate and remand for further proceedings.

A district court must review de novo those portions of a magistrate judge's recommendation to which specific objections are made. *United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019); *see United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) ("By definition, de novo review entails consideration of an issue as if it had not been decided previously."). To qualify as specific, a party's objections must "reasonably . . . alert the district court of the true ground[s] for the objection[s]." *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted). This requirement "train[s] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). When a district court fails to apply the proper standard of review to a magistrate judge's recommendation, a remand is warranted. *De Leon-Ramirez*, 925 F.3d at 181.

In these proceedings, Crandell sought an order from the district court directing the U.S. National Archives and Records Administration ("NARA") to produce the case file for *Taylor v. Brown*, No. 2:93-cv-00093-REM (N.D.W. Va.). The magistrate judge recommended dismissing Crandell's civil action for failure to state a claim, or in the alternative, awarding summary judgment to NARA based on NARA's representation that

2

the case file had been destroyed.[*]  As relevant here, Crandell objected to the magistrate judge's recommendation and asserted that, pursuant to NARA's Records Disposition Schedule for district court case files, NARA was required to permanently retain the file for *Taylor v. Brown*.  Crandell also supplied evidence to support his assertion.  The district court deemed Crandell's objections nonspecific and reviewed the magistrate judge's recommendation for clear error only.  Discerning no clear error, the district court adopted the recommendation and dismissed with prejudice Crandell's action.  The district court did not address Crandell's assertion and evidence related to the Records Disposition Schedule.

Having reviewed Crandell's objections to the magistrate judge's recommendation, we disagree with the district court's characterization of them as nonspecific.  Crandell reasonably alerted the district court to his disagreement with the magistrate judge's determination that the case file had been destroyed and explained that disagreement with citations to record evidence.  *See Martin*, 858 F.3d at 245.  We are therefore satisfied that the district court was obliged to review de novo that aspect of the magistrate judge's recommendation.

Accordingly, we vacate the district court's order and remand for the district court to apply the proper standard of review to the magistrate judge's recommendation.  We express no opinion on the ultimate merits of Crandell's objections.  We dispense with oral argument

---

[*] The magistrate judge also determined that Crandell had failed to exhaust his administrative remedies before pursuing this action.  But the district court's dismissal with prejudice causes us to question whether the court relied on that determination in resolving this case.  *See Moss v. Harwood*, 19 F.4th 614, 623 n.3 (4th Cir. 2021).

because the facts and legal contentions are adequately presented in the materials before this

court and argument would not aid the decisional process.

*VACATED AND REMANDED*